UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERNET ROUDY FLORENT,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 3:26-cv-05489-RBM-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Ernet Roudy Florent's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner, a citizen of Haiti, entered the United States on or about June 29, 2023. (*Id.* ¶¶ 2, 4.) He was "processed by DHS" and then released from immigration custody on or about that same day on parole issued under 8 U.S.C. § 1182(d)(5). (*Id.*; Doc. 4 at 2.) Petitioner resided in this country continuously after being released; during that time, Petitioner was granted Temporary Protected Status, applied for asylum, and had his removal proceedings dismissed. (Doc. 1 ¶¶ 29–33; Doc. 4 at 2.)

On July 27, 2026, Petitioner pleaded guilty to driving under the influence and "was sentenced to a three-month first-conviction program and one year of unsupervised

probation." (Doc. 1 ¶ 34.) On September 21, 2026, "in an encounter unrelated to that criminal matter," ICE officers detained Petitioner. (Doc. 1 ¶ 34.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner argues that his detention violates the Administrative Procedure Act and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 52–66.) Respondents argue that *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), does not apply to noncitizens, like Petitioner, who were previously released from immigration custody on parole, but also concede that "this Court's prior decisions will control the result here." (Doc. 4 at 3.) Accordingly, Respondents "do[] not oppose the petition and defer[] to the Court on the appropriate relief." (*Id.* at 4.)

In light of Respondents' non-opposition, and considering the Court's many Orders granting petitions like the one currently before it,[1] the Court **GRANTS** the Petition.

---

[1] *See Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *4–7 (S.D. Cal. Nov. 13, 2025); *Sarr v. Casey*, Case No.: 3:26-cv-02343-RBM-MSB, 2026 WL 1419635, at *2–3 (S.D. Cal. May 20, 2026); *Valente Fernandez v. Warden*, Case No.: 3:26-cv-03683-RBM-SBC, 2026 WL 2584991, at *3–4 (S.D. Cal. Sept. 1, 2026).

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole. "Given Petitioner's criminal charges after he was initially released on conditional parole, the Government may impose other reasonable conditions of supervision." *Arici v. Blanche*, Case No.: 3:26-cv-04512-RBM-DEB, 2026 WL 2771704, at *2 (S.D. Cal. Sept. 16, 2026) (citations omitted).
2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge to determine whether detention is warranted. At any such hearing, the noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight.[2]
3. At any such hearing, if the immigration judge determines that bond is appropriate,

[2] *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[3]

**IT IS SO ORDERED.**

DATE: October 14, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").